WILLIAM L. WHIPPLE, Applt., *vs.* SAMUEL H. STEPHENS.

PROVIDENCE—JANUARY 25, 1904.

25   563
d26   479

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1)  *Waiving Tort.   Quasi-contracts.*

In this State a tort may be waived and assumpsit be maintained only where the tort is such that it may be treated by the injured party as having created a contract upon which he may recover. In the case of a naked trespass the elements of assumpsit are lacking.

(2)  *Election of Remedies.*

The doctrine of election of remedies is not applicable to the case where a party attempted to pursue a remedy to which he was not entitled.

TRESPASS ON THE CASE for trover. Heard on petition of defendant for new trial, and denied.

STINESS, C. J. A controlling question arises in this case, which we will first consider. The plaintiff sues in trover for goods leased to one Graham, who had turned them over to the defendant. Before beginning this action the plaintiff

sued this defendant in assumpsit, which action was dismissed for failure of plaintiff to file a bill of particulars. The question is whether this was such an election of remedy as to amount to a waiver of the tort, and so to preclude the plaintiff from maintaining this action.

It is a well-settled rule that where a party has two causes of action, inconsistent with each other, an election to proceed upon either is a waiver of the other. For example, if one has the right to affirm or to repudiate a transaction, he cannot, after taking one of these positions, be heard to maintain the opposite.

As applied to this case, the argument is that the plaintiff had the right to waive the tort and to sue in assumpsit for the value of the goods; that, having done this, he cannot now sue in trover.

(2) The test for the application of this rule is whether the plaintiff had the two forms of remedy. If he did not, there was no chance for an election. A party cannot choose a remedy which he does not have. Thus an action brought in a court without jurisdiction, or before cause of action accrued, or by mistaken remedy, has been held not to constitute a waiver. 7 Ency. Pl. & Pr. 365, 366, and cases cited.

We come, then, to the question whether the plaintiff had two remedies, one in trover for a conversion and one in assumpsit on a waiver of the tort. When property has been converted into money, or money's worth, there is no question that either trover or assumpsit will lie. There is a difference of opinion as to whether assumpsit will lie when it has not been converted into money. The larger number of States hold that it will not lie; and other States, nearly as many, hold that it will lie, simply on the conversion, without regard to money received for it.

See cases cited in 7 Ency. Pl. & Pr. 369, 370, and 4 Cyc. Law & Pro. 332, 334, n. 68, 69.

The question was long ago settled in this State in *Wilder v. Aldrich*, 2 R. I. 518, where Brayton, J., said: "The refusal to deliver would be evidence of a conversion which might enable a party to recover in trover; but to recover in

assumpsit it is necessary to prove that the goods have been sold and the money received therefor."

(1)   So in *Lavalle* v. *Societe*, 17 R. I. 680, it was held that tort may be waived and assumpsit maintained, where the tort is such that it may be treated by the injured party as having created a contract upon which he may recover; citing Cooley on Torts, *95, where the author says: "By all the authorities it is conceded that where the act is a naked trespass an action of assumpsit cannot be maintained, because the elements of assumpsit are wanting."

The goods sued for in this case were shown to have been destroyed by fire after demand and while they were in the defendant's possession, and under similar circumstances in *Schweizer* v. *Weiber*, 6 Rich. etc., 159, it was held that the plaintiff could not waive the tort and sue in form *ex contractu*.

It is evident that the plaintiff could not sue the defendant in assumpsit, and, doubtless, on that account he suffered his action to be dismissed. However this may have been, there was no election of remedy, because he had none in assumpsit.

The remaining questions in the case are whether the defendant had the goods; whether the plaintiff made a demand for them; and whether the plaintiff had the right to apply payments made to him by the lessee to other accounts.

These were all questions of fact, upon which there was sufficient testimony to support the verdict.

*F. P. Owen,* for plaintiff.

*Henry J. Dubois,* for defendant.