### Drainage District No. One, etc., v. John Dowd.

#### Gen. No. 4,782.

1. MARKET VALUE—*what cross-examination proper of expert who has testified to.* It is within the discretion of the court to permit an expert who has testified to the market value of land in question to be asked as to his knowledge of sales made in the vicinity of such land.

2. ELECTION OF REMEDIES—*when does not bind.* A party who has brought suit in one form of action may change and pursue another form if under the first form of action he could have obtained no relief.

3. DRAINAGE DISTRICT—*what essential to recovery from, for land taken.* In order to recover of a drainage district for land taken for a right of way, all the statutory requirements must be alleged and proved, among which are, that a tax has been levied or a fund obtained for the purpose of paying for such right of way.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907. Rehearing denied April 18, 1907.

HENRY S. DIXON, for appellant.

A. C. BARDWELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit as originally brought was an action of trespass. A demurrer having been sustained to the declaration, the first count was by leave of court amended, changing the form of action to assumpsit, and an additional count was filed. The declaration as finally amended is in substance: For that whereas the defendant being a corporation organized under an act of the legislature entitled "An act to provide for drainage for agricultural and sanitary purposes," approved June 27, 1885, in force July 1, 1885, had caused to be constructed a certain ditch for the purpose of draining the lands embraced within the territory over which it had jurisdiction, which ditch extended over and across the land hereinafter described of plaintiff in the township of Harmon, it then and there on the first day of May, 1905, became and was the duty of defendant to widen and deepen said ditch where it crossed the land of plaintiff, to wit: the north half of the southeast quarter of section two and the southeast quarter of the southwest quarter of said section, in said township, to an average depth of seven feet and a width of at least fourteen feet at the bottom, with a slope of one foot horizontally to each foot perpendicularly; the plaintiff avers that in pursuance of its duty the defendant, on May 1, 1905, proceeded to and did widen said ditch so constructed across the land of plaintiff for the distance of 4,120 feet, by deepening the same to a depth of seven feet and widening the same to a width varying from thirty-six to forty-six feet, and in deepening and widening the same it necessarily deposited the excavated material, consisting of earth, stone and gravel in ridges on plaintiff's land, and in widening said ditch, and depositing said

material, defendant took possession of eight acres of plaintiff's land not theretofore occupied or claimed by it, and thence hitherto continued to possess and exercise authority over the same, and intends to forever continue in such possession and control for the purpose of assisting the drainage of the lands of said district, whereby upon rendering compensation for the lands so taken, defendant would have become the owner of the right-of-way for said ditch and said material so deposited for all uses and purposes of drainage as authorized by said act, and in consideration of any compensation which may be awarded him herein, plaintiff by this action acknowledges and consents to the occupation and use of his said land for such use and purpose so long as defendant shall so use and occupy the same.

The additional count contains an averment that defendant "was by the Circuit Court in and for said county on the 29th day of October, 1903, in a cause therein pending, wherein James Frank and others were complainants and itself was defendant, ordered and directed to deepen, enlarge and improve a certain ditch theretofore constructed by defendant across the land of plaintiff in pursuance of the powers and duties imposed on it by said act. * * * So that it would be at least fourteen feet wide with a slope of bank of one foot to each foot in depth." It also contains an averment that the defendant appropriated and took possession of and retains eight acres of plaintiff's land and avers that it was unlawful for defendant to take possession of his lands without first rendering compensation; that it never rendered such compensation, but in consideration of such compensation and damages as may be awarded him, plaintiff by this action waives all damages accruing to him by reason of such failure of defendant, and in lieu thereof demands the market value of the land appropriated for the time and use aforesaid, and all damages accruing to him by reason of such excavation and deposit of material, and con-

sents to such use and occupancy of said lands. By means whereof defendant became liable to pay plaintiff for the land so taken, as well as damages to the remainder of his land by reason of said widening and deepening said ditch and depositing said material on said land, full compensation therefor, to wit: the sum of one thousand dollars.

A demurrer both general and special was filed to both the amended and additional counts. This was overruled and the defendant elected to stand by its demurrer. The plaintiff was then entitled to a judgment *nil dicit* and an assessment of damages by a jury. A judgment *nil dicit* after demurrer overruled only admits the facts that are well pleaded. Plaintiff's damages were assessed by a jury at $472.50. The defendant appeals, and assigns for error that the court erred in permitting the plaintiff to change his cause of action, in overruling the demurrer and in the admission of certain evidence.

On the trial before a jury both parties offered evidence on the amount of the damages. Witnesses on the part of the defendant testified as to the value of the land taken. Plaintiff was permitted to ask the witnesses on cross-examination regarding their knowledge of sales in the neighborhood. Had the questions been asked upon an examination in chief the evidence would not have been proper without first showing the lands were of similar character and similarly situated, but a greater latitude is permitted in cross-examination for the purpose of testing the knowledge of the witnesses and ascertaining the weight to be given to their testimony. A trial court has a large discretion in such matters and there was no error in overruling the objections to the cross-examination.

Appellant insists that appellee having elected to sue in trespass cannot be permitted to change the form of action to *assumpsit,* as he would thereby be pursuing an inconsistent remedy, and one which deprives appellant of a substantial defense. A demurrer was

sustained to the declaration in trespass, for the reason that the defendant being a public involuntary *quasi* corporation as such, it is not liable for the tortious acts of its officers. Appellant says in its brief "appellant had a good defense to the action as originally brought, it not being liable for a *tort*." This statement brings the case within the rule that "If the suitor has in his first action mistaken his remedy and adopted a mode of redress incompatible with the facts of his case and is defeated on that ground, he is still free to elect and proceed anew." 7 Ency. of Pl. & Pr. 366. Election of remedies is choosing between different modes of procedure and relief allowed by law on the same state of facts. To bind a party by an election he must have begun a form of action under which he could have obtained some relief if it had proceeded to an adjudication between the parties, and which action gives a certain character to facts which another form of action would change. Under section 22 of the Practice Act the distinction between actions of trespass and trespass on the case has been abolished. It is held that counts in trespass, and trespass on the case, may be joined in the same declaration. Barker v. Koozier, 80 Ill. 205. The Statute of Amendments provides that the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice. The appellee had no remedy against appellant in trespass because appellant insisted that was not the proper form of action and the distinction between trespass and case being abolished there was no error in permitting the amendment.

The demurrer to the amended and additional counts is both general and special. Plaintiff's theory is that he can recover upon an implied contract for the value of real estate claimed to be appropriated for the drainage ditch, and for damages to portions of land owned and occupied by plaintiff, upon which the defendant

had piled earth and sand removed in excavating the
ditch. Plaintiff still owns part of the right-of-way
over which the ditch is excavated and the land on
which the excavated material has been placed. No ex-
press contract or any promise to pay by the defend-
ant is averred, but it is sought to recover because of
acts of defendant from which an implied contract is
sought to be inferred. The declaration avers, that de-
fendant is a corporation organized under an act en-
titled ''An act to provide for drainage for agricultural
and sanitary purposes and to repeal certain acts there-
in named,'' approved June 27, 1885; Session Laws of
1885, page 78, R. S., 1905, page 799. This act is a re-
vision of the act of May 29, 1879, in force July 1, 1879.
Session Laws, 1879, page 142. The powers and rights
and liabilities of corporations organized under this act
have been defined and construed in Elmore v. Drain-
age Commissioners, 135 Ill. 269, and in First National
Bank v. Union District No. 1, 82 Ill. App. 626. An act
similar in its purposes, entitled ''An act to provide
for the construction and reparation and protection
of drains, ditches and levees across the lands of others
for agricultural, sanitary and mining purposes, and to
provide for the reorganization of Drainage Districts,''
approved and in force May 29, 1879 (Session Laws,
1879, page 120), revised and amended in 1885 (Session
Laws, 1885, page 109; R. S. 1905, page 775), has been
construed and the powers, rights and liabilities of
corporations organized thereunder defined in Badger
v. Inlet Drainage District, 141 Ill. 542, and in Barton
v. Minnie Creek Drainage District, 112 Ill. App. 640.
Corporations organized under either of these acts are
held to have the same powers, rights and liabilities,
although their methods of procedure differ. No mat-
ter under which act a drainage corporation is formed
it is held to be a mere public involuntary *quasi* corpo-
ration subject to the same liabilities as counties, town-
ships, school and road districts. Their duties and
powers are asumed *in invitum* and there is no liability

to respond in damages in a civil action for neglect in the performance of duties unless such action is given by statute. In Elmore v. Drainage Commissioners, *supra,* it was said concerning a case where appellee was organized under the same statute as appellant in the present case: "Appellee is to be regarded as a mere public involuntary *quasi* corporation, and the well-established and uniform doctrine is, that there is no corporate liability to respond in damages to an individual injured by the negligent or wrongful acts of its officers, agents or servants." The declaration alleges that the appellant was ordered by the Circuit Court to deepen and widen its said ditch, and that it acted pursuant to that order. The nature of that proceeding is not set forth, but presumably it was a proceeding by *mandamus.* No matter what the order was, the commissioners must still proceed in the manner provided by the statute. Section 41 of the act under which appellant is organized provides, that, after the completion of the work, it shall keep it in repair, or if there is any error in construction, or for any cause the lands are not drained as contemplated, it shall use the corporate funds to carry out the original purpose, and if sufficient funds are not on hand it shall make a new levy. All the authorities hold, that before any liability can be incurred the funds must be on hand or the tax levied. The declaration must allege every material fact necessary to a recovery. It was necessary that the funds should be on hand or a tax be levied for the purpose of securing the right of way before any liability against the district could be incurred in enlarging the ditch. A drainage district is organized for a special and limited purpose, and its powers are restricted to such as the legislature has deemed essential to accomplish the purpose for which it is formed. It can only perform its duties in the manner provided by the statute. If the commissioners may first obtain the right-of-way and construct the ditches and after-

wards levy the assessment necessary to pay the debts contracted in the improvement, they would thereby be enabled to contract debts far in excess of the benefits to the property drained, and thus confiscate property under the guise of improving it. The legislature has wisely provided that such corporations can only raise funds by special assessments upon the property benefited and the assessments cannot exceed the benefits to the land assessed. "It is for the benefit alike of the landowners and the creditors of the district that the assessment shall be first made and the contract for the work afterwards let, to be paid for out of the funds to be raised by such assessment. * * * To entitle appellants to a judgment it must appear that they have a legal claim not merely against the commissioners, but against the real estate within the district benefited by the improvement, for if judgment be rendered it can only be satisfied by special assessment upon that property." First National Bank v. Union District, 82 Ill. App. 626. "Drainage commissioners have no power to create an indebtedness in advance and then levy an assessment for the purpose of paying for it." Winkelman v. Drainage District, 170 Ill. 37.

Where the presentation of a claim, or the filing of a notice is required before suit can be maintained against a municipal corporation such fact must be alleged, and a declaration is demurrable in the absence of such material averment. 14 Ency. of Pl. & Pr. 235; Koch v. Ashland, 83 Wis. 361; Reining v. Buffalo, 102 N. Y. 102; Pardey v. Mechanicsville, 101 Ia. 266. When it is sought to recover upon an implied promise nothing will be presumed, but the necessary allegations must be made. An allegation that the district funds on hand properly applicable to this improvement, or that a tax had been assessed before the beginning of the work is analogous to the allegation of notice or claim where such is required, and was a material and necessary allegation, in the absence of which the demurrer was properly sustained.

Appellant insists that appellee cannot maintain an action in *assumpsit* for the damage to him by the appropriation of his land and for damage to other of his land by placing material thereon. Neither of the parties, to this suit has referred us to any case where the question involved has been passed upon, and we have not been able to find any. In Clayburgh v. Chicago, 25 Ill. 535, an expression is used, which would lead to that conclusion, but it is *obiter,* and neither reason or authority is given for such, expression. We are unable to see how a landowner can compel a purchase of his land, or how any right except for use and occupation can be obtained to the land by a suit in *assumpsit.* This suit is not for use and occupation. *Assumpsit* did not lie even for the use and occupation of land, until it was provided for by the statute of 1861, unless the relation of landlord and tenant existed. Hadley v. Morrison, 39 Ill. 392; McNair v. Schwartz, 16 Ill. 24. The doctrine of waiver of the *tort* and suing in *assumpsit* only applies to personal property or where something is severed or removed from real estate, which by the severance becomes personal property and is converted to the trespasser's use. We conclude that it was error to overrule the demurrer and the cause must be reversed and remanded, with instructions to sustain the demurrer.

*Reversed and remanded.*