### SIM v. EDENBORN.

#### ALDER v. SAME.

#### (Circuit Court, E. D. New York. August 6, 1908.)

FRAUD—FRAUDULENT REPRESENTATIONS—REMEDY.

 A plaintiff, who with others entered into an agreement with a promoter to form a syndicate to purchase stock of a corporation, which agreement was carried out and the stock purchased, cannot, on the ground that the promoter made fraudulent representations, rescind the agreement and on a tender of the stock to him maintain an action at law in tort against him alone to recover the money paid in; but his remedies are limited to an action against the promoter to recover damages for the fraud, in which the value of his stock must be taken into account, or to a suit for rescission, to which the corporation and other members of the syndicate are necessary parties.

At Law. On demurrers to complaints.

Theron G. Strong and Theron R. Strong, for plaintiffs.
Martin W. Littleton (Fredk. Allis, of counsel), for defendant.

CHATFIELD, District Judge. The plaintiff in each of the above actions entered into an agreement with the defendant upon the 15th day of April, 1902, by which the plaintiff agreed to join a syndicate to purchase certain industrial stocks. The defendant, with two other individuals, were named in this agreement as managers of the syndicate, and the plaintiff Alder subsequently carried out his part of the contract, paid the sum of $10,136.08 upon the 17th day of December, 1902, and about January 1, 1903, received a certificate for shares in one of the companies purchased. The plaintiff Sim is the assignee of a number of individuals, who likewise entered into an agreement with the defendant with relation to the same syndicate transaction. Each of the assignors of the plaintiff Sim paid the amount of their subscriptions and received their stock, and it is now alleged on behalf of each plaintiff that Alder and Sim, and Sim's assignors, were induced by fraudulent representations of fact to make the agreement aforesaid. The plaintiffs further allege that the defendant performed certain acts and did certain things in managing the syndicate, with the idea of continuing the deception of the plaintiffs and the other subscribers, and that the plaintiffs, as soon as they discovered the alleged fraud and deceit on the part of the defendant, notified the defendant of an election to rescind their subscriptions, offered to return to the defendant the certificates of stock which they had received, and

demanded payment of the amount advanced, which demand has been refused, and which tender of stock has been kept good.

The plaintiff in each of the actions, therefore, asks for judgment for the amount of the subscription, with interest from the date of payment, and the defendant in each case has demurred on three grounds, which must be considered: First, that there is a defect of parties, in that the co-syndicate managers are not made defendants; second, that the corporation whose stock was transferred is not made a party defendant; and, third, that the plaintiff in each case has included in one cause of action the allegations of an action in equity to rescind a contract and allegations in an action at law to recover damages for fraud and deceit. The plaintiff in each case has met this demurrer by contending that his action is properly brought against the individual who made the false representations of fact, and who has perpetrated, as he alleges, the fraud upon him. He claims that he is entitled to rescind the contract and demand restitution at the hands of this person, and at the same time contends that his action is not in equity for rescission of the contract, but is an action at law, sounding in tort, based upon a rescission, for damages equal in amount to the sum which the plaintiff in each case paid, tendering at the same time to that plaintiff the consideration which he received.

But one question involved in this idea need be considered, and that is whether in the case of a syndicate, or the carrying out of a promotion agreement to form a syndicate, rescission can be relied upon, restitution offered, and the original payment demanded back, in an action at law against the individual who acted as promoter or agent. The plaintiff could unquestionably have sued for damages for the fraud, if fraud existed. He could have brought various actions looking towards the disaffirmance of the agreement which he made upon going into the syndicate, if he could show a cause of action. None of these latter suits have been attempted. In any of them the other persons interested in the syndicate and the corporation with respect to which the syndicate was formed would necessarily have been parties; but the plaintiff in each case contends that he is not suing upon a disaffirmance of his agreement with the others in the syndicate, but is suing in tort, upon a rescission of his original agreement to enter into a syndicate, which agreement was a personal contract with the defendant. It is believed that the action cannot be maintained in its present form. Unless the plaintiffs rescind their entire agreement with all of the individuals and with the corporation, alleging that they have been deceived by misrepresentations of fact in going into these agreements, the court does not see how the cause of action can be alleged as other than an action for damages against the defendant as an individual for his alleged misrepresentations of fact. In such an action for damages, if the plaintiff should demand the entire amount invested, the value of the securities obtained, if any, might be an offset against the damage proved. So, too, the plaintiff, while alleging damage, might admit, as an offset, the stock obtained, and offer to the defendant an election to take the stock and pay the entire amount of damage, or to reimburse the plaintiff for the actual damage, repre-

sented by the amount invested, less the value of the stock received, and whatever profits, if any, could be shown therefrom.

But the precise action which has been brought, in form alleging a rescission of the contract and demanding the return of the money invested, while perhaps in effect capable of being considered as a demand for damages, less the offset of the stock received, is not so in terms, and is in form an action not maintainable as an action sounding in tort, and even, apparently, not an action at law. The apparent fallacy of the plaintiff's position is contained in the statement in his brief that:

"These are actions to recover moneys paid to the defendant pursuant to subscriptions made by plaintiffs to a syndicate promoted by defendant for acquiring certain properties, which said subscriptions were induced by fraud and deceit practiced upon plaintiffs by defendant. Upon the discovery of the fraud and deceit, plaintiffs rescinded their subscriptions, demanded repayment of the same, and tendered to defendant the shares of stock received from him as representing the amounts subscribed."

This paragraph shows that the plaintiff is stating an action involving the rescission of the agreement with the other parties to the syndicate, while apparently endeavoring to set forth a demand for damages for tort.

The demurrers will be sustained, with leave to the plaintiffs to amend their complaints in accordance with this opinion, if they are so advised.