## JADWIN v. HOYT.

(Circuit Court of Appeals, Seventh Circuit. August 15, 1924. Rehearing Denied October 15, 1924.)

No. 3366.

1. Election of remedies ⚖⟹7(1)—Pursuit of one of two existent remedies to judgment or decree is conclusive election.

It is the general rule that prosecution of one remedy to judgment or decree, whether for or against plaintiff, is a decisive act, which constitutes a conclusive election, barring a subsequent prosecution of inconsistent remedial rights.

2. Election of remedies ⚖⟹12—Pursuit of supposed, but actually nonexistent, remedy is not an election.

Pursuit of a supposed, but actually nonexistent, remedy is not an election which will bar the later successful prosecution of one actually existing, though inconsistent with the former, and this is generally true, though the first remedy be pursued to defeat by judgment.

3. Election of remedies ⚖⟹12—Prosecution of supposed remedy to adverse judgment held not an election, which barred a subsequent suit.

Plaintiff brought an action of assumpsit against defendant to recover money paid for certain stock sold him by defendant, alleging fraud and rescission of the contract. Defendant set up that he was not the owner of the stock sold and did not receive the money, and such defense was sustained by special findings of the jury, on which judgment was rendered against plaintiff. Held, that plaintiff was not chargeable with knowledge that he had no such right of action against defendant from the allegations of the plea or the testimony, nor until the fact was established by the finding of the jury, and that his pursuit to judgment of a remedy which did not exist was not an election, which barred a subsequent action against defendant to recover damages for the fraud.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

·Action at law by Stanley P. Jadwin against James Mitchell Hoyt. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

William H. Haight, of Chicago, Ill., for plaintiff in error.

L. A. Stebbins, of Chicago, Ill., for defendant in error.

Before ALSCHULER and EVANS, Circuit Judges, and LUSE, District Judge.

LUSE, District Judge. Plaintiff in error seeks review of a judgment of the lower court, entered after demurrer by defendant in error to the former's replication was sustained, and such demurrer to the amended plea of the defendant in error overruled, upon the omission of plaintiff in error to ask to plead further. The parties will be here designated as they were below and in the case in the municipal court for Cook county, hereinafter mentioned.

The action is one of trespass on the case; plaintiff, Jadwin, seeking damages claimed to result to him from the purchase of stock in the Smith-Form A-Tractor Company. Plaintiff alleges that he was induced to make the purchase by false and fraudulent representations made to him by the defendant, upon which he relied in making the purchase. The question here is whether or not the plaintiff irrevocably elected to pursue an inconsistent remedy, when, prior to the

commencement of the action in the court below, he commenced and prosecuted to judgment, in favor of the defendant, an action in assumpsit in the municipal court for Cook county.

The record discloses that the action in the municipal court for Cook county was brought on the theory that plaintiff had purchased the stock from defendant, paid him $20,000 therefor, which the defendant had received; that such purchase was induced by the false and fraudulent representations of the defendant, relied upon by plaintiff, being the same representations which are the foundation for the present action; that the plaintiff had tendered back the stock, demanded his money, and sought in that action to recover the $20,000 paid therefor, with interest. Such action, it appears from defendant's amended plea herein, was based on an alleged disaffirmance and rescission of the contract. It appears, further, from such amended plea, that in the municipal court defendant, by his affidavit of merits, not only denied the fraud, but also denied that plaintiff purchased the stock from defendant, that plaintiff paid defendant, and that defendant had or received the $20,000 or any other sum from plaintiff. It also appears that on the trial the plaintiff testified on his own behalf, and that the defendant and numerous other witnesses on his behalf testified and were examined and cross-examined in the presence of the plaintiff; that on the trial the jury returned a general verdict and answers to certain special questions; that the general verdict was in favor of the plaintiff and against the defendant, but thereafter the municipal court rendered judgment in favor of the defendant upon the special findings; that such final judgment is now in full force and effect, unreversed, unmodified, and unappealed from. As a conclusion to the amended plea the defendant avers that the plaintiff, with full knowledge of all the facts, conclusively and irrevocably elected to rescind the contract of purchase, and not to sue or attempt to recover for any alleged damages by reason of any alleged false or fraudulent representations made in connection with the sale of the stock.

To this amended plea the plaintiff interposed his replication, setting out in full the special questions, with the jury's answers thereto, which were returned by the jury in connection with their general verdict, by which special questions the jury found, among other things: (1) That the defendant was not the actual owner of the Smith-

Form A-Tractor stock purchased by the plaintiff; (2) that the money paid by the plaintiff for such stock was never received personally by the defendant; (3) that the Smith-Form A-Tractor Company was the owner of the stock purchased by the plaintiff; (4) that the Smith-Form A-Tractor Company received the money paid by the plaintiff for the stock but that the defendant did not; (5) that the defendant had never appropriated to his own use the money paid for such stock; (6) that the $20,000 paid by plaintiff for the stock was paid by his check, payable to the order of Michaelis & Co., and by them indorsed, delivered, and transmitted to the Smith-Form A-Tractor Company, and by it retained in payment of the stock purchased by plaintiff; also that the general verdict returned by the plaintiff and by the jury was in favor of the plaintiff and against the defendant in the sum of $22,794.94, and that a motion of the defendant for judgment on the special findings of the jury was made, allowed, and judgment entered for the defendant; and that it was not until the motion last mentioned was decided and the case was finally determined in the municipal court of Chicago that plaintiff was fully informed, and it was finally established that the money paid by him to the defendant for such corporate stock had not been personally received by the defendant. To this replication defendant interposed a demurrer, and on motion of plaintiff the demurrer was carried back to the amended plea. The court below overruled the demurrer to the amended plea, and sustained the defendant's demurrer to the plaintiff's replication, and judgment was entered in favor of the defendant.

[1] The two actions, the first in the municipal court, and the second in the court below, were inconsistent; the former being founded on a disaffirmance, the latter on an affirmance of a voidable transaction. United States v. Oregon Lumber Co., 260 U. S. 290, 294, 43 S. Ct. 100, 67 L. Ed. 261. It is undoubtedly the general rule that prosecution of one remedial right to judgment or decree, whether the judgment or decree is for or against plaintiff, is a decisive act, which constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights. 20 C. J. 28. Under this doctrine, defendant's first amended plea would seem to be proof against demurrer, for it discloses that plaintiff had pursued a remedy inconsistent with the one presently invoked, and been defeated.

[2] However, the replication discloses

that plaintiff's defeat in the municipal court was due to the special findings of the jury, the substance of which has been stated, and they establish that the stock which plaintiff purchased was not defendant's stock, but stock in and belonging to the Smith-Form A-Tractor Company, that it and not defendant received plaintiff's money therefor, and that defendant had never received same nor any part of it. These findings mean that plaintiff had no right at any time to tender to defendant the stock plaintiff had purchased, for it had never belonged to him; that plaintiff had no right to demand from defendant the return of the purchase money, for defendant had never received it. In other words, plaintiff was defeated solely because he had pursued a remedy which in fact never existed in him. The special findings thus establish that defendant's relationship to the corporate stock, the money, and to plaintiff, was such that as to him alone plaintiff's only remedy, if any he has, is in tort. Neither waiver of the tort, rescission, nor any other act of plaintiff could place defendant under any other responsibility to plaintiff. This, we understand, was the theory upon which the municipal court acted in entering judgment, applying the Illinois law as declared in Arnold v. Dodson, 272 Ill. 377, 381, 112 N. E. 70. See, also, Sim v. Edenborn (C. C.) 163 F. 655.

The replication in the light of the amended plea, therefore, discloses, not only that plaintiff had pursued one of two inconsistent remedies and been defeated, but that he was defeated because he attempted to pursue a remedy which he never had and which had not arisen out of the facts in controversy. Many authorities exist to the effect that in order that the doctrine of election of remedies may be successfully invoked, two or more remedies must have actually arisen from the facts creating the cause of action, from which a choice may be made. Bierce v. Hutchins, 205 U. S. 340, 346, 27 S. Ct. 524, 525 (51 L. Ed. 828). In that case it was said:

"Election is simply, what its name imports, a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone. * * * The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has, unless barred by the previous attempt."

Again, it is pithily stated in Barnsdall v. Waltemeyer, 142 F. 415, 73 C. C. A. 515:

"But the fatuous choice of a fancied remedy that never existed, and its futile pursuit until the court adjudges that it never had existence, is no defense to an action to enforce an actual remedy inconsistent with that first invoked through mistake."

In Fuller-Warren Co. v. Harter, 110 Wis. 80, 85 N. W. 698, 53 L. R. A. 603, 84 Am. St. Rep. 867, it was said:

"There must be two * * * remedies or causes of action, in fact, before a choice can be made within the meaning of the rule."

See, also, Doyle v. Hamilton Fish Corporation, 234 F. 47, 51, 148 C. C. A. 63; Drainage District v. Dowd, 132 Ill. App. 499; Whipple v. Stevens, 25 R. I. 563, 57 A. 375; Gould v. Blodgett, 61 N. H. 115; McLaughlin v. Austin, 104 Mich. 491, 62 N. W. 720; Henry v. Herrington, 193 N. Y. 218, 86 N. E. 29, 20 L. R. A. (N. S.) 249; Garrett v. Farwell Co., 199 Ill. 436, 441, 65 N. E. 361.

From these cases and numerous others which might be cited, the rule is deducible that pursuit of a supposed, but actually nonexistent, remedy, is not an election which will bar the later successful prosecution of one actually existing, though inconsistent with the former. And this is generally true, though the first remedy be pursued to defeat by judgment.

[3] But defendant confidently contends that because the defendant, by his affidavit of merits interposed in the action in the municipal court, took issue with plaintiff's claim that the stock was purchased from defendant and the moneys received by him, plaintiff was thereby warned that plaintiff had no such remedy as he there sought, and that by persisting in following that remedy plaintiff made an irrevocable election; and if this be not so, it is claimed then he did so when, after listening to the testimony in the case, including that of defendant and his witnesses, he pursued the action to judgment rather than take a nonsuit before the jury retired.

In these contentions defendant's reliance is upon the case of United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 67 L. Ed. 261. In that case, the wrong to be remedied was fraud in securing patents to public lands. The United States had notice of the fraud, which notice started the running of the six-year statute of limitations against a suit in equity. Against an action at law for damages, no

limitation ran. After the expiration of the six years from the receipt of notice, the United States commenced its suit in equity to set aside the patents. In their answer the defendants set up the statute of limitations, but nevertheless the United States prosecuted the suit to an adverse decree, same being grounded upon the bar of the statute, the chancellor holding "that the United States had had full knowledge of the matters complained of in its complaint for more than six years before the equity suit was instituted." Later the United States commenced an action at law against some of the same defendants for damages for the same fraud. The former suit in equity and its persistent prosecution to final decree, after the bar of the statute had been pleaded, was set up by the defendants as an irrevocable election of remedies, and the Supreme Court adopted that view.

There are several important points of distinction between that and the case at bar. In the former, the facts originally gave to the United States two inconsistent remedies, while in the latter, as the findings are disclosed by the replication, plaintiff never had the remedy he first sought to enforce. In the former the plaintiff had a choice of remedies, but delayed making its choice until there had arisen a defense to the remedy chosen, aliunde the facts constituting the wrong. Here no such element is present. In the former, the plaintiff persisted in the prosecution of the remedy first chosen, after the statute of limitations had been set up in the answer with full knowledge of the facts underlying the plea. In the case at bar plaintiff pursued his first action after defendant's affidavit of merits had given notice that the stock purchased was not his and he had not received the money, and in fact after he had listened to the testimony of the defendant and his witnesses. The element of "full knowledge" is an important one and stressed in the majority opinion in the Oregon Lumber Company Case.

Defendant's counsel earnestly insist that plaintiff is similarly chargeable with knowledge of these defenses and is similarly culpable in persisting to judgment. But a little reflection leads to a different conclusion. In the Oregon Lumber Company Case, it must be remembered that the statute of limitations began to run only upon receipt of notice of the fraud by the United States. Manifestly the government had peculiar and comprehensively full knowl-

edge of whether, and when, it received such notice, and of the running of the statutory bar, and persistence in pursuing that remedy was thereafter clearly with full knowledge of the facts upon which the plea of the statute was founded and later sustained. The status of its knowledge as full was practically adjudicated in the equity suit. In the instant case there has been no such determination, but, on the contrary, it is fairly to be inferred from the fact that the special questions were submitted to the jury that at the close of all the evidence, due either to dispute in the testimony or because the facts were so ambiguous as to warrant conflicting inferences, there was doubt as to whether or not the stock purchased by plaintiff was defendant's or the tractor company's; whether or not the tractor company or defendant was the ultimate recipient of the purchase money, etc.

Whether this inference be justified or not, it nowhere in this record appears that plaintiff had that full knowledge of all the facts which the government was chargeable with in the Oregon Lumber Company Case. The record does not disclose how much part plaintiff personally took in the transactions with defendant. It may have been much or little. Beyond this he is chargeable at the most with knowledge of the claims of defendant set out in his answer and the testimony which was given on the trial. We are not prepared to hold that failure to give entire credence to either the answer or testimony of an adversary, particularly where the testimony is such as to require submission of the issues to a jury, as here, is the equivalent of full knowledge. The adoption of such a rule in cases such as this, would, in our opinion, not only extend the doctrine of United States v. Oregon Lumber Co., supra, beyond its intended scope, but, in many instances, would penalize an honest mistake by a forfeiture.

Plaintiff's replication alleges that he was not fully informed that the money paid by him for the stock was not personally received by the defendant, until the final determination of the action in the municipal court. Assuming this to be a conclusion, we deem it so supported by the statement of facts with reference to the answers of the jury to the special questions, that it establishes, if proven, both that the plaintiff never had the remedy which he first sought to enforce, and that his prosecution of the first action was not with full knowledge so as to estop him from prosecuting

788	1 FEDERAL REPORTER, 2d SERIES

the remedy he actually had. The demurrer to the replication should have been overruled.

The judgment is reversed, and the action remanded for further proceedings.