## SAUNDERS v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Third Circuit.
December 12, 1928.

No. 3887.

Maynard Teall and Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellant.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Randolph C. Shaw, both of Washington, D. C. (C. M. Charest and L. W. Scott, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On May 6, 1911, Saunders, the taxpayer, having previously in his employment with the National Tube Company invented a pipe-drawing apparatus, made application for a patent; and on the same day, "in consideration of one dollar and other valuable considerations received by me from the National Tube Company," sold and assigned to it "the full and exclusive right to the said invention, and in, to and under the application for Letters Patent of the United States, before executed by me the sixth day of May, 1911, and in, to and under any Letters Patent that may be issued for said invention in the United States." Thereafter the patent application was prosecuted and paid for by the corporation. Interferences developed in the Patent Office which delayed the issue of a patent until October 15, 1918. There was also litigation conducted at the expense of the tube company, and in the interim the invented apparatus was used by it.

When the assignment was made, Saunders knew of a rule of the company which provided: "It should be understood that a sum of money will be paid to the inventor, the amount depending upon the circumstances." Pursuant to such rule, the tube company in September, 1920, paid Saunders $25,000 "as full compensation for the device invented by you covered by the United States Patent No. 1281668." The contention of Saunders is that this $25,000, although paid in 1920, is really money which was agreed to be paid and constituted the real consideration for his making the sale of his invention in May, 1911. The contention of the Tax Board is, and it so decreed that the $25,000 was taxable income of Saunders for the year 1920. The question involved is which of these two contentions is correct.

As all parties disclaim the thought that the $25,000 was a gift or gratuity, it is clear that Saunders' right to it initially arose, by virtue of the company's rule, when Saunders made the absolute transfer in 1911. To our mind all that was afterwards done harks back to that date. Saunders' right and property was the invention he made, and the right to such an invention is property and is assignable. Stevenson v. Shalcross (C. C. A.) 205 F. 289, Hendrie v. Sayles, 98 U. S. 549, 25 L. Ed. 176, in which latter case it is said: "Such an assignment may be made before the patent is obtained. * * * Such an instrument, though executed before the patent is granted, transfers the legal title to the assignee," quoting Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Rathbone v. Orr, Fed. Cas. No. 11585, 5 McLean, 131; Rich v. Lippincott, Fed. Cas. No. 11758, 2 Fish. Pat. Cas. 1, etc. From this it will be seen that the subsequent prosecution of the patent application, the interference litigation, the issue of the patent, and the determination by the tube company of "the amount depending on circumstances" which it would pay him, were mere incidents; but the payment when finally made was the real consideration of the transfer of his property made in 1911. Such being the case, and this transfer antedating the income law, it follows that when Saunders re-

ceived the $25,000 in 1920, he was receiving, not income for that year, but the purchase price of capital sold in 1911. Such being the case, it follows the Board was in error in assessing this tax as income.

Its judgment is therefore reversed, and the record returned, with directions to enter a decree in accordance herewith.