## DOYLE v. HAMILTON FISH CORP.

### (Circuit Court of Appeals, Second Circuit. June 6, 1916.)

### No. 274.

1. JUDGMENT ⬡725(1)—CONCLUSIVENESS—SCOPE OF ESTOPPEL.

As to matters which need not be determined, a judgment is not conclusive.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. ⬡725(1).]

2. JUDGMENT ⬡713(1)—ESTOPPEL—SCOPE OF ESTOPPEL.

Where the finding of fact on which a conclusion of law is based can be ascertained with certainty from the judgment roll, such finding will constitute an estoppel.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1234–1237, 1239; Dec. Dig. ⬡713(1).]

3. CONTRACTS ⬡23—ACCEPTANCE—PROPOSAL OF NEW CONDITIONS.

A proposal of new conditions in response to an offer is a refusal.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 96–99, 160; Dec. Dig. ⬡23.]

4. JUDGMENT ⬡526—CONCLUSIVENESS—OPINIONS.

It is improper to determine the scope of a judgment by the opinion rendered by the appellate court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 969; Dec. Dig. ⬡526.]

5. JUDGMENT ⬡622(1)—CONCLUSIVENESS—MATTERS CONCLUDED.

Defendant was the assignee of a lease containing provisions for renewal. Plaintiff, the lessor, after expiration of the term, sued in the state courts, to dispossess defendant, on the ground that as no renewal had been effected, he was holding over, but was defeated. Thereafter defendant, who claimed a right to the appraised value of the buildings on the leasehold on the ground that no renewal had been offered him, sued plaintiff, who counterclaimed for the use and occupation of the premises down to the date of his answer. Defendant's suit was dismissed, and plaintiff was defeated in its counterclaim for use and occupation, save as to the period between the expiration of the lease and appraisal of the premises. *Held*, that as defendant would have been entitled to the value of the buildings, unless plaintiff offered a renewal, and as the denial of recovery on plaintiff's counterclaim in defendant's action in the state court was a finding that the offer of renewal had been made and accepted, and a lease existed, such judgment is conclusive between the parties, in a subsequent suit by plaintiff for rent accrued, that plaintiff had offered a renewal, which had been accepted, and will bar a counterclaim by defendant for the value of the buildings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. ⬡622(1).]

6. JUDGMENT ⬡622(1)—CONCLUSIVENESS—FORMER JUDGMENT.

Despite Code Civ. Proc. N. Y. § 1209, declaring that a final judgment dismissing the complaint does not prevent a new action, unless it expressly declares or appears by the judgment roll to be rendered on the merits, a judgment dismissing the counterclaim of a lessor for use and occupation, save as to a small portion of the time during which the tenant was in possession and for which recovery was sought, is a conclusive adjudication that the lessor was not entitled to recover for the remainder of the

period, and in that manner rendered the judgment conclusive that a lease existed between the parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. ☞622(1).]

7. JUDGMENT ☞719—JURISDICTION OF COURT—PLEADINGS.

The lessee, holding under lease providing for renewal, sued to recover the appraised value of the buildings, on the ground that the lessor had not offered him a renewal, and the lessor counterclaimed for use and occupation of the premises after the expiration of the lease, on the ground that its offer of renewal had been rejected. *Held,* that in such case the pleadings did not prevent the court from finding that a lease existed between the parties, and a judgment so finding is a conclusive adjudication of that fact.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1249, 1250; Dec. Dig. ☞719.]

8. ELECTION OF REMEDIES ☞15—EFFECT OF ELECTION.

Where a lease actually existed, the fact that the lessor, under the mistaken belief that no lease existed between the parties, sued for use and occupation of the premises, will not preclude recovery on the lease on the ground that there was an election of remedies, for there can be no such election unless there is a choice.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 17; Dec. Dig. ☞15.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Hamilton Fish Corporation against Alexander Doyle. There was a judgment for plaintiff, and defendant, whose counterclaim was dismissed, brings error. Affirmed.

The statement of the case and opinion of Learned Hand, District Judge, in the court below, is as follows:

This is an action for rent upon the renewal of a lease of premises on East Twentieth street in the city of New York. The defendant was the assignee of the former lease to the premises which had provisions for a renewal that are the cause of the controversy. The old term expired on the 1st of November, 1907, but before that time the parties had not completed the appraisal required by the terms of the lease for its renewal, nor had they in consequence renewed the same. During the first two weeks of November, 1907, however, an appraisal was completed by fixing the value of the premises at $15,000 and of the buildings at $5,000, as required. Thereupon, on the 13th day of November the plaintiff sent a letter to the defendant stating that the directors of the plaintiff had decided to renew the ground lease and had placed the matter in the hands of their attorney. A considerable correspondence ensued, which it is not necessary to set forth in full, but it never resulted in the lessee's accepting or executing a written renewal lease. The plaintiff now insists that the defendant became bound by accepting the offer of renewal made by the letter of November 13th. The defendant urges that the minds of the parties never met upon a new contract because the plaintiff always attached to the renewal certain terms which the defendant never accepted.

The right of renewal itself, as provided in the original lease, of which the defendant was the assignee, provided that the lessor should have the option either to grant a renewal for 21 years at the appraised rent or to pay to the lessee the appraised value of the buildings. In the case of Zorkowski v. Astor, 156 N. Y. 393, 50 N. E. 983, the Court of Appeals of the state of New York had declared that the landlord must either pay for the buildings, or offer a renewal to the tenant which the latter might accept, but which, if he did not, gave the landlord the buildings without payment. It was therefore only if the landlord refused to renew, as he might do, that the tenant got his

right to the appraised value of the buildings. The plaintiff having failed to compel the defendant to execute or receive a written renewal lease, owing to the conditions imposed, sued to dispossess him in the Municipal Court, alleging that there was no lease outstanding between them, and that he was holding over. In this he was unsuccessful, as well before the Municipal Court as upon appeal to the Appellate Term of the Supreme Court. Thereupon, in June, 1908, more than six months after the expiration of the lease, the defendant sued the plaintiff for the appraised value of the buildings, contending that the defendant had not offered him a renewal of the lease. The plaintiff answered and counterclaimed for the use and occupation of the premises from the 1st of November down to the date of his answer, which was November 30, 1908. When this cause came on for trial the defendant (who was the plaintiff therein) was defeated in his claim, and the plaintiff (who was the defendant) got judgment on his counterclaim for use and occupation up to the date claimed. The defendant (plaintiff therein) then appealed to the Appellate Division, which reversed the judgment (144 App. Div. 131, 128 N. Y. Supp. 898), upon the ground that there had been a renewal of the lease on the 13th of November, 1907, and that therefore the plaintiff (defendant therein) could not recover on his counterclaim for use and occupation beyond that date. On the new trial the complaint was again dismissed and the plaintiff (defendant therein) recovered judgment for use and occupation at the rate of the old rent, but only from the 1st to the 13th of November. The plaintiff (defendant therein) did not appeal from the judgment on the counterclaim, but the defendant (plaintiff therein) appealed from the judgment dismissing his complaint on the merits, both to the Appellate Division and to the Court of Appeals, and in each case was defeated.

The plaintiff, having failed to recover for the use and occupation after November 13th, thereupon sued the defendant in the state court for rent, the defendant removed to this court, and thereupon counterclaimed again for the value of the buildings. The plaintiff now is claiming for rent upon the renewal which was found to have existed in the judgment in the state court, and bases his claim upon two theories: First, that as matter of fact the lease was renewed, as shown by the correspondence between the parties; and, second, that it was conclusively determined that the lease had been renewed in the judgment in the state court. The defendant denies each of these positions, and bases his counterclaim to the value of the buildings as appraised upon the theory that the landlord has never offered to renew the lease and has at length dispossessed him.

[1-5] I shall first consider the effect of the judgment in the state court in Doyle v. Hamilton Fish Corporation. I agree with the defendant that that judgment, in so far as it dismissed the complaint upon the merits, does not create an estoppel here, though I think it does raise a bar to the counterclaim. The plaintiff, indeed, does not urge that it does create an estoppel, and the New York Court of Appeals has said that the second conclusion of law was not necessary to the judgment of dismissal when that was before them. This is true, because in Zorkowski v. Astor, 156 N. Y. 393, 50 N. E. 983, it was held that, in a lease of this sort the lessee's right to the buildings depended upon the lessor's failure to offer him any renewal but that, when the lessor did offer the renewal, he must either accept or reject the renewal, and in either event lose all rights, except to the lease. Therefore it was wholly immaterial, in ascertaining whether the lessee should recover for the buildings, to decide more than the question whether the lessor had offered a renewal. If the court had found that the offer of renewal had been accepted, it would not have been an estoppel. Landon v. Clark, 221 Fed. 841, 137 C. C. A. 399. In disposing of the counterclaim, however, this question became necessary of solution, and its answer created an estoppel for the following reasons:

The plaintiff (defendant therein) in his counterclaim had sued for use and occupation from November 1, 1907, to November 30, 1908, at the rate of $1,300 per annum and it recovered $20.58 for the use and occupation during the period from November 1, 1907, to November 13, 1907, which is in fact the old rent though not so stated. The facts which led to this denial of the plaintiff's (defendant's therein) claim for use and occupation from November

234 F.—4

13, 1907, to November 30, 1908, therefore became a necessary condition to the rendition of the judgment itself and created an estoppel. What were these facts? The eighth finding of fact is that the lessor elected to renew and notified the lessee. The fourteenth finding of fact is that the lessee still remains in possession. The second conclusion of law finds that the parties after November 13, 1907, were in the relation of landlord and tenant, under the renewed lease. This last is neither in form nor in fact a finding of fact, and as such it does not create an estoppel; but it presupposes some finding of fact, and if that finding of fact can be ascertained with enough certainty from the judgment roll and the evidence, and was necessary to the judgment, it will in turn constitute an estoppel. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

The relevant issue upon this question was joined by the thirteenth article of the amended answer, which alleged that "the plaintiff" (defendant herein) "refused to accept the said renewal," and by the fourth article of the reply, which denied that allegation of the thirteenth article and no other. The issue was therefore, whether the lessee had or had not refused to accept the renewal, and the second conclusion of law could, under these pleadings have proceeded only upon the lessee's success upon that issue by a finding that the lessee had not so refused. It is true that the lessee might not have refused to accept the lease, and yet might not have accepted it; he might have made no answer to the offer whatever, but this an examination of the evidence shows that he did not do. He answered the letter of November 13, 1907, by his own letter of November 14, 1907, and then followed much further correspondence between the parties. This answer to the letter was either an acceptance of the offer of renewal or it was a refusal, for to propose new conditions to an offer is to refuse the offer as it stands, as the defendant truly urges. Minn. & St. Louis R. Co. v. Columbus Rolling Mill Co., 119 U. S. 149, 7 Sup. Ct. 168, 30 L. Ed. 376. When therefore the issue of the lessee's refusal to accept was found against the lessor it could only be because the court interpreted the letter of November 14, 1907, as an acceptance, and upon this finding of fact only could it have concluded as matter of law, that there had been a renewal. The judgment roll and evidence show that the second conclusion of law which was necessary to support the judgment on the counterclaim, was itself supported by the finding of fact that the lessee had accepted the offer.

While it is not proper to decide the scope of the judgment by the opinions rendered, at least it does not militate against my conclusion that this was in fact the ratio decidendi.

[6] One of the defendant's answers to this is that the judgment is not a bar, because it does not expressly say that the counterclaim was dismissed on the merits for the period after November 13th, and that this is necessary under section 1209 of the New York Code. All the cases that have arisen over that section have been where the complaint was altogether dismissed; nowhere has it been suggested that, where judgment is given upon a part only of a claim, it must recite that the complaint is dismissed as to the balance. Such a requirement would be an idle refinement, unnecessary and artificial. A judgment for part only of several installments of rent upon a complaint is a bar to a second action for those not recovered. Davies v. New York, 93 N. Y. 250. I do not forget that the judgment in the case cited was entered on consent, but that does not affect its scope as a bar, because the consent is to be read as extending to no more than the same judgment after trial.

[7] The defendant further insists that the whole judgment, not only that part which disposed of the counterclaim, but that which dismissed the complaint, was void, because the court had no jurisdiction of the matter under the pleadings. His argument upon this point is as follows: The defendant (plaintiff therein) asserted that there was no outstanding lease between the parties, because the lessor had refused to renew the lease. The plaintiff (defendant therein) had also asserted that there was no outstanding lease between the parties, because, although the lessor had elected to renew the lease, the lessee had refused to accept it. Hence the parties went to trial upon the fact, conceded in the pleadings, that the lease had not been renewed. In giv-

ing judgment upon a finding that the lease was renewed on November 13, 1907, the court, therefore, disregarded the conceded facts in the pleadings and exceeded its jurisdiction, under the rule, thoroughly well settled, that jurisdiction is always limited to claims submitted to the court in the pleadings.

This reasoning confuses the legal effect of the pleadings with the facts pleaded. The parties did not plead that there was no renewal but each pleaded a separate version of the facts from which it chanced to follow, if true, that there was no renewal. The lessor pleaded that he had offered to renew and that the lessee had not accepted. It so happened that, if both allegations were false or both true, there was no renewal; but, when each issue was separately made, the court could not be compelled to decide them both in the same way. It is only in case every possible combination would have resulted in no renewal that the court would have necessarily reached the result of no renewal.

The matter may be further illustrated by the demands of the parties. The lessor demanded the buildings free without the incubus of a renewal. The lessee demanded the price of the buildings without the incubus of a renewal. Therefore the defendant says the court was bound, however it found, to find that there was no renewal. The fallacy is that the parties, by making opposite claims having a common condition, do not assent to the condition taken alone. The court got no consent from either party to decide the fate of the buildings without regard to the lease. The lessor may well have preferred the buildings with a renewal to no buildings at all, and the lessee the price with a renewal to no price at all; at least, nothing in the pleadings gave the least warrant to the court to disregard such alternatives. The court had no right to break up the integrity of the claim of each by selecting out a common term, as though they had agreed upon that term independently.

It is quite clear that the New York Court of Appeals interpreted the second conclusion of law in this sense when the same arguments were made before it. Judge Bartlett, on the motion for reargument, in answer to the argument that the pleadings, conceded the absence of a renewal, said that the rule invoked applied only to facts, and that no finding of fact contradicted the pleadings; that the finding of a renewal was only an inference based upon findings of fact which the court was bound to suppose sufficiently supported in the evidence, and open to the court to find. He must have meant that it was open under the pleadings. It is quite true that he went on to say that the conclusion was immaterial, but this was true only because the court had before it only the judgment dismissing the complaint, to which no finding upon refusal or acceptance was necessary. I do not think that the opinion is to be taken as holding that the implied finding was unnecessary to so much of the judgment on the counterclaim as refused any allowance for use and occupation after November 13, 1907.

[8] As to the defense of an election, based upon the unsuccessful effort to dispossess the lessee upon allegations that there was no lease, it is enough to say that a party has an election only between existing, not supposed, rights. Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828. The plaintiff could not destroy his rights under the lease by mistakenly following other supposed rights which turned out not to exist. That would be to put him, not to an election, but to a correct estimate of his right under pain of forfeiture.

I shall not decide the question independently as to whether the Appellate Division of the Supreme Court was right in its original decision which found in the defendant's answer of November 14, 1907, an unequivocal acceptance of the election of November 13, 1907. Obviously the case was not like Stanley v. Dowdeswell, L. R. 10 C. P. 102, because here every detail of the lease was settled, and nothing remained except to notify the lessee of his election. The letter of November 14th might well be thought to contain no condition on its acceptance, nothing more than a warning against the lessor's possible wrong construction, a caution justified by the future as it developed, but nevertheless not a condition to the assent. That on November 14th the parties' minds had come to a complete accord is certainly a most reasonable conclusion, but, however much I may agree with it, it is redundant, as I view the effect of the judgment, and I shall make no finding upon it.

Finally it is plain that unless the plaintiff can obtain relief in this action it must lose all return for the defendant's occupation of the premises from November 13, 1907. It has been beaten in the attempt to recover for the reasonable value, including that based on the old rent, upon the theory that there was a lease. If it cannot now recover on the new lease, it can recover nothing. Thus the defendant will have enjoyed possession without paying any rent, certainly an inequitable result. It is true that he will have to pay the new rent, but that was fixed by three disinterested persons, and is not likely to be unfair in amount. He had it in his power to refuse the lease, but he clearly was unwilling to do this, and so to lose his buildings. If he made no beneficial use of his possession while he had it, the fault was his, not the defendant's.

As to the defendant's counterclaim in the case at bar, it needs no independent consideration, in view of the foregoing.

The plaintiff may take judgment on the complaint, with costs, and dismissing the counterclaim upon the merits.

Max J. Kohler, of New York City, and Alexander Doyle, for plaintiff in error.

Montgomery & Peabody and John S. Montgomery, all of New York City, for defendant in error.

Before COXE, Circuit Judge, and HOUGH and MAYER, District Judges.

PER CURIAM. We have read the clear and comprehensive opinion of Judge Learned Hand and nothing need be added to its reasoning. We think his conclusions of law are fully sustained by the evidence, and therefore affirm the judgment, with costs, upon his opinion.