## In re SAMUELS.

(Circuit Court of Appeals, Second Circuit.   January 14, 1920.)

### No. 93.

1. JUDGMENT ⬳585(2)—MATTERS CONCLUDED BY FORMER JUDGMENT, IF SAME
   EVIDENCE WOULD SUPPORT BOTH ACTIONS.

   Whether an action is barred by a former judgment is not determined
   by the particular relief asked for in the two suits, but by whether the
   same evidence would support both actions.

2. BANKRUPTCY ⬳136(2)—ORDER DENYING RIGHT OF TRUSTEE TO INSURANCE
   POLICY CONCLUSIVE.

   An order denying petition of a trustee to require bankrupt to deliver
   up a policy of life insurance or pay its surrender value *held* a bar to a
   later application to require him to surrender the policy or pay its loan
   value.

Petition to Revise Order of the District Court of the United States
for the Southern District of New York.

In the matter of Elias W. Samuels, bankrupt.   On petition by Sam-
uel C. Cohen, trustee, to revise an order of the District Court.   Af-
firmed.

The bankrupt was the insured in a policy of life insurance.   In 1915 this
trustee petitioned that the bankrupt deliver up the policy or pay its surrender
value as a condition of keeping the same.   Bankruptcy Act, § 70a5 (Comp.
St. § 9654).   This was denied, and order entered accordingly, which order stands
unreversed.   In 1919 the trustee filed another petition, demanding that the
policy be surrendered, or that the bankrupt pay over the loan value thereof.
This was denied on the ground that the former order barred petitioner.
Thereupon the trustee brought the matter here for review.

Lawrence B. Cohen, of New York City (Adolph Boskowitz and
Jacob Shientag, both of New York City, of counsel), for trustee.
Samuel Sturtz, of New York City, for bankrupt.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge.   The order under review must be affirmed,
and for reasons illustrating how legal rules sometimes overlap.   A
bankruptcy adjudication is final, and has the attributes of a final
judgment or decree (Hargadine, etc., Co. v. Hudson, 122 Fed. 232,
58 C. C. A. 596), and the order of 1915 had similar finality.   The
general rule regarding a judgment pleaded as res adjudicata, we have
recently restated in Sullivan v. Nitrate, etc., Co., 262 Fed. 371 (filed
December 10, 1919).

[1] The present endeavor to escape therefrom consists in acknowl-
edging the rule in all its fullness, but urging that the matter now ad-
vanced was not within the issues tendered and framed in 1915, and
therefore could not have been tried, or at any rate not properly tried.
But to discover what could have been tried and adjudicated one must
go farther.   The test of identity suggested is to ascertain what in
the earlier case the suitor asked for.   But that is misleading, and the

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
263 F.—36

surest test is to discover whether the same evidence would support both actions. Freeman, Judgts. § 259.

[2] Here the only evidence suggested or possible in either proceeding is the policy of insurance; all the rest is argument. The petitioner confounds remedy and relief; his remedy was not changed, but the kind of relief obtainable now depends on the ruling in Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143, decided after the first application. The present petition is an endeavor to get, by correcting the law of 1915, what under current decisions the evidence could not then yield. This will not do; a decision erroneously made is as effective as the best, until reversed.

Another view is this: There never was a time when the insured could get both the loan value and the surrender value on this policy. The demands are mutually destructive. The trustee here stands in the shoes of the bankrupt insured; he elected to sue for the surrender value in 1915, and was defeated. The judgment then rendered is a bar to a later action for the alternative. This ruling rests rather on the doctrine of election of remedies, than that of res adjudicata, but is equally suitable here. Freeman, Judgts. § 256, especially Patterson, v. Wold (C. C.) 33 Fed. 791. There was a plain choice made by the trustee in 1915; that he thought it was Hobson's choice is immaterial. Cf. Doyle v. Hamilton Co., 234 Fed. 47, 148 C. C. A. 63; Bogert v. Southern Pacific Co., 244 Fed. 61, 156 C. C. A. 489, affirmed on this point, 250 U. S. 483, 39 Sup. Ct. 533, 63 L. Ed. 1099, June 9, 1919.

Order affirmed, with costs.