MARIAN BOURNE ELBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100497.    Promulgated November 12, 1941.

*C. M. Charest, Esq.*, and *John W. Fisher, Esq.*, for the petitioner.
*Z. N. Diamond, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: Reduced to its simplest terms, the first issue may be stated to be: Were the several steps taken by petitioner and her husband, i. e., the formation of the trust of which petitioner and her husband were trustees, the transfer to it of $300,000, the "borrowing" three days later by petitioner of all but $2,000 of the corpus of the trust, the giving by petitioner of a demand note without a fixed date for payment of either principal or interest—were these all steps in a single integrated transaction by virtue of which petitioner retained all the valuable incidents of ownership, control, and enjoyment of the funds while making a semblance of a gift?

A consecutive reading of the facts would lead one to answer the above question in the affirmative. When we examine the testimony of petitioner and her husband in the matter a sharp cleavage appears. The testimony of petitioner unequivocally supports the above conclusion. She testified that at the time the trust was set up she and her husband arranged that they would give her the check for $298,000

and that she would execute the promissory note. Petitioner's husband testified categorically and with much emphasis that no such understanding existed, and that he never gave a thought to the investing of the $300,000 fund until after it was paid into the trust, when the plan of "loaning" it to petitioner came to him.

This square conflict of important testimony requires a careful weighing of the surrounding circumstances and inherent probabilities to determine wherein lies the truth. Consequent on this examination, we conclude that the testimony of petitioner is the more consonant with probability and is the more accurate story of the transaction. Having heard petitioner's testimony and realizing that it was damaging to the case, when petitioner's husband took the stand he was at pains to attempt to counteract her statements, explaining that she was confused, but our study leads us to accept her guileless statement as accurate and to reject the highly improbable, though emphatic, declarations of the husband.

The above conclusion is dispositive of the first issue. Since it was intended from the start that the fund should be transferred back to petitioner, under the terms set out, no real gift occurred. The trust was merely a convenient conduit, and petitioner in effect is claiming a deduction for interest on money "loaned" to herself. See *Johnson* v. *Commissioner*, 86 Fed. (2d) 710, affirming 33 B. T. A. 1003; *Irene W. Johnson*, 39 B. T. A. 702, affd., 108 Fed. (2d) 104.

The second issue must also be resolved against petitioner. The evidence does not reveal that she was engaged in any trade or business. She described herself as "an old-fashioned wife." True, having a very large independent income, more than $600,000 in the taxable year, petitioner concerned herself with the investment thereof and when in New York dropped into the office maintained by her husband and herself with some frequency. But looking after one's investments, however large, does not in fact or in law constitute engaging in business. *Higgins* v. *Commissioner*, 312 U. S. 212; *United States* v. *Pyne*, 313 U. S. 127. On the record of her activities we have found as a fact that petitioner was not engaged in a trade or business. The deduction of a prorated cost of maintaining the office was properly disallowed.

It may be observed as to the foregoing issue, were our decision the converse, petitioner would yet fail for failure adequately to prove the amount of expense properly allocable to her. In fact there is no proof that petitioner paid any part of the expenses of the office.

*Decision will be entered for the respondent.*