ROBERT G. ELBERT AND MARIAN BOURNE ELBERT (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110499.    Promulgated October 18. 1943.

*James H. Purdy, Jr., Esq.,* for the petitioners.
*Walt Mandry, Esq.,* for the respondent.

894

OPINION.

TYSON, *Judge*: The sole question presented is whether petitioners should be allowed, by way of equitable recoupment, a credit of the $18,600 paid by Marian Bourne Elbert as a gift tax on March 16, 1936, against the deficiency determined herein by the respondent. The statute of limitations had run against the filing of a claim for refund of that amount at the times of the filing of the petition herein and of the mailing of the deficiency notice upon which the petition was based.

The petitioners contend: (1) that this Court has jurisdiction of the claimed recoupment; (2) that the matters involved in the deficiency assessment and the matters involved in the gift tax mistakenly paid arise out of the same transaction; and (3) that, the statute of limitations having run against the filing of a refund of the gift tax paid in 1936, they are entitled to the claimed recoupment. The position taken by the respondent is diametrically opposed to these contentions.

In many cases, among the later ones being *Helmuth Heyl*, 34 B. T. A. 223, and *Red Wing Potteries, Inc.*, 43 B. T. A. 841, 845, we have held, broadly, (without differentiating a claimed recoupment arising out of the same transaction as the deficiency against which it is claimed from one that did not) that we have no jurisdiction to allow recoupment, against a determined deficiency, for taxes overpaid or erroneously paid in years prior to the year for which the deficiency is determined, and following those holdings we also hold, as to the first contention of petitioners, that we have no jurisdiction to allow the $18,600 as recoupment against the deficiency involved herein. Cf. *Scaife Co.*, 47 B. T. A. 964.

The petitioners in support of their first contention that this Court has such jurisdiction cites *Dixie Margarine Co. v. Commissioner*, 115 Fed. (2d) 445, and *Gooch Milling & Elevator Co. v. Commissioner*, 133 Fed. (2d) 131; certiorari to the United States Supreme Court granted June 1943.

We do not think that the *Dixie Margarine Co.* case supports peti-

tioners' first contention. In that case, neither in the proceeding before the Circuit Court nor in the proceeding before us in 38 B.T.A. 471. from which petition for review was taken to that Court, was the question of whether or not this Court had jurisdiction of recoupment decided. The sole question decided was whether or not the claimed recoupment grew out of the same transaction as did the determined deficiency against which the recoupment was sought. It does not appear from either the opinion of the Circuit Court or our own that the question of this Court's jurisdiction of a claim in recoupment was raised. We can not therefore regard either the opinion of the Circuit Court, or our own, as passing on this question.

In *Gooch Milling & Elevator Co.* v. *Commissioner, supra,* the Circuit Court of Appeals for the Eighth Circuit. by a divided court, held that this Court had jurisdiction of recoupment so as to allow an overpayment of tax made by the taxpayer in prior years to be recouped against the deficiency determined in the taxable year where the statute of limitations barred the filing of a claim for refund of that overpayment. Notwithstanding the high esteem in which we hold that Court and the profound respect we have for its pronouncements, we feel impelled to adhere to our position on this question as taken in *Helmuth Heyl, supra,* and *Red Wing Potteries, Inc., supra,* and in other cases cited in *Helmuth Heyl.*

None of the other cases cited by petitioners are pertinent to their first contention, since they originated in either the Court of Claims or a Federal District Court and therefore have no pertinency to the question of whether or not this Court has jurisdiction of claims in recoupment.

Assuming, however, that this Court has jurisdiction of the claimed recoupment for the gift tax mistakenly paid, the petitioners would nevertheless not be entitled to that recoupment because of the provisions of section 608 and section 609 (b) of the Revenue Act of 1928.[1]

---

[1] SEC. 608. EFFECT OF EXPIRATION OF PERIOD OF LIMITATION AGAINST TAXPAYER.

A refund of any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) made after the enactment of this Act, shall be considered erroneous—

(a) if made after the expiration of.the period of limitation for filing claim therefor, unless within such period claim was filed ; or

(b) in the case of a claim filed within the proper time and disallowed by the Commissioner after the enactment of this Act, if the refund was made after the expiration of the period of limitation for filing suit, unless—

(1) within such period suit was begun by the taxpayer, or

(2) within such period, the taxpayer and the Commissioner agreed in writing to suspend the running of the statute of limitations for filing suit from the date of the agreement to the date of final decision in one or more named cases then pending before the United States Board of Tax Appeals or the courts.

SEC. 609. ERRONEOUS CREDITS.

* * * * * *

(b) *Credit of barred overpayment.*—A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered. erroneous under section 608.

The pertinent part of section 608 states that "A refund of any portion of an internal-revenue tax * * * shall be *considered erroneous*—(a) if made after the expiration of the period of limitation for filing claim therefor," and the pertinent part of section 609 (b) states that "A credit of an overpayment in respect of *any tax* shall be *void* if a refund of such overpayment would be *considered erroneous* under section 608." (Italics supplied.)

The statute of limitations for the filing of a claim for refund of the gift tax here sought to be recouped having expired, a refund of that tax would be *considered erroneous* under section 608 and, by the same token, a credit of the overpayment represented by that gift tax against the deficiency for the taxable year would be void.

In *McEachern* v. *Rose*, 302 U. S. 56, there was an income tax due from but not assessed against the taxpayer for the year 1928 which exceeded the amounts of overpayments of income tax made by him for the years 1929, 1930, and 1931. The taxpayer sued a collector of internal revenue of the United States in a Federal District Court to recover the amount of the overpayments after claim for the tax for 1928 was barred. The Government sought recoupment of the unpaid tax for 1928, but the Court, although assuming that in the circumstances equitable principles would allow the recoupment in the absence of any statutory provision requiring a different result. held that there was not such an absence of statutory provision, since Congress had limited the right of the Government to the recoupment sought by sections 607 and 609 (a) of the Revenue Act of 1928, thereby precluding the Government from such recoupment. To like effect was the holding in *Lyeth* v. *Hoey*, 112 Fed. (2d) 4. These holdings are apposite here, since sections 607 and 609 (a), applicable to a claim in recoupment by the Government, are complementary to sections 608 and 609 (b), applicable to a claim in recoupment by a taxpayer; and if recoupment by the Government is precluded by sections 607 and 609 (a), recoupment by the taxpayer is likewise precluded by sections 608 and 609 (b), cf. *Lyeth* v. *Hoey*, *supra*, page 7, and for the same reason, i. e.. that the provisions of statutes covering the situation preclude the application of the doctrine of recoupment.

In view of our above holding it is unnecessary to decide whether or not the matters involved in the deficiency assessment and the matters involved in the gift tax mistakenly paid arise out of the same transaction.

*Decision will be entered under Rule 50.*