## MERRILL et al. v. UNITED STATES.
### No. 101.

Circuit Court of Appeals, Second Circuit.
Dec. 3, 1945.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ Plaintiffs argue that § 121(e) removes the bar of § 322(c). We cannot agree. § 121(e) specifically provides that, as to tax years before 1939, the amendment is to be treated as if it were a part of the original enactment, i. e., as if it had been in force in 1936. Accordingly, the plaintiffs could have made no further claim with respect to the tax year of 1936 after the disposition of their petition filed in 1939. The fact that plaintiffs had no means of foreseeing the enactment of the 1942 amendment cannot affect the finality of the Board's decision.

■ Nor is there any basis for concluding that § 121 of the Revenue Act of 1942 repeals by implication the provisions of § 322(c). The reports of the Committees of the Senate and the House of Representatives do not suggest that there was any such intent to modify or to abrogate the finality of the decisions of the Board of Tax Appeals or of the Tax Court. White's Will v. Commissioner of Internal Revenue, 3 Cir., 142 F.2d 746. § 121(e) provides that it is applicable solely to subdivisions (a), (b) and (c) of § 121; it nowhere refers to § 322(c) which is not elsewhere amended in the Revenue Act of 1942. Accordingly, § 322(c) remains in force as a bar to any recovery by the taxpayer.

■ We see no merit in taxpayers' suggestion that res judicata doctrines must control the effect of the Board's decision, and that therefore § 322(c) is no bar as to any matter which could not have been raised before the Board. The issue here concerns a statute of limitations and not res judicata. Cf. Moir v. United States, 1 Cir., 149 F.2d 455. Our decision in Hartford-Empire Co. v. Commissioner, 2 Cir., 137 F.2d 540 is not pertinent; it related to the effect of a decision as to one tax year on litigation as to a subsequent year.

Affirmed.

Raymond W. Conklin, of Buffalo, N. Y. (Babcock, Newbury & Russ, of Buffalo, N. Y.), for appellants.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Leland T. Atherton, all of Washington, D. C., for the United States.