## ELBERT et ux. v. JOHNSON.
### No. 23, Docket 20646.

Circuit Court of Appeals, Second Circuit.

Nov. 25, 1947.

Gustave Simons, of New York City (N. Matthew Gottesmann, of New York City, of counsel), for appellants.

John F. X. McGohey, U.S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The present action was brought by the plaintiffs, a husband and wife who filed a joint income tax return for the taxable year ending October 31, 1938, to recover $18,600 with interest from March 17, 1944, being part of a deficiency assessment paid to the defendant on that date for their 1938 income taxes. Upon motion, the district court dismissed the complaint for lack of jurisdiction over the subject matter. The plaintiffs have appealed.

The facts alleged in the complaint to support the claim of overpayment of the plaintiffs' 1938 income tax may be summarized as follows: On December 31, 1935 Mrs. Elbert executed a trust agreement, transferred $300,000 to the trustees (herself and her husband) to constitute the principal of a trust for the benefit of her ten year old daughter, and thereafter, on March 16, 1936, paid a federal gift tax thereon in the sum of $18,600. In November 1941 the Board of Tax Appeals held that the aforesaid trust was not a real gift for income tax pur-

poses. Marian Bourne Elbert v. Commissioner, 45 B.T.A. 685.[1] No appeal was taken from this decision, and no claim for refund of the gift tax was filed because the time for filing such a claim had expired March 16, 1939, long before the Board's decision was handed down. On October 29, 1938 Mrs. Elbert made a further interest payment of $35,760 to the trustees, and in the plaintiffs' joint income tax return for their 1938 taxable year claimed a deduction therefor. The deduction was disallowed by the Commissioner and a deficiency notice was mailed by him to the plaintiffs. Thereafter they filed in the Tax Court a petition for a redetermination of their tax liability for the year 1938 on two grounds. One ground, a claimed deduction for office expenses, was settled by stipulation. The other ground asserted that the erroneous payment of the gift tax should have been allowed by way of recoupment as a credit or deduction against the alleged deficiency arising from denial of the claimed interest payment. The Tax Court held that it lacked jurisdiction to allow the mistakenly paid gift tax as a credit. Elbert et al. v. Commissioner, 2 T.C. 892. Thereafter on March 17, 1944 the plaintiffs paid the deficiency determined in respect to their 1938 income tax and in due time filed a claim for refund of $18,600 thereof with interest thereon from March 17, 1944. More than six months having elapsed without either allowance or rejection of the claim for refund, the present action was brought against the collector to whom the 1938 income tax deficiency had been paid.

The plaintiffs base their asserted right to offset the mistakenly paid gift tax against their income tax liability of a later year on Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. We may assume, without decision, that had they paid their 1938 tax without resorting to the Tax Court for a redetermination thereof, they could have established their right to recoupment in an action brought against the collector. But they did not do that. They resorted to the Tax Court before they brought the present action. This brought section 322(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322(c), into play. That section reads as follows: "(c) Effect of petition to Board.—If the Commission has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit, or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *" with certain exceptions not presently applicable. Literally the plaintiffs' action falls within this provision; and upon this ground the district court dismissed their complaint for lack of jurisdiction.

 It is urged that in addition to the exceptions specified in the statute, the court should read in another, namely, as to an overpayment in a prior year as to which the Tax Court lacks jurisdiction to allow credit against the deficiency for the taxable year in suit. To do so would, we think, conflict with the legislative purpose in enacting section 322(c). That purpose was to achieve finality in the determination by the Board of Tax Appeals (now the Tax Court) of the taxpayer's liability for the year in suit.[2] When notified of a deficiency, the taxpayer may litigate its legality either by appealing to the Tax Court before he pays, or by paying and thereafter bringing an action against the United States or the collector to recover any overpayment. But choice

---

[1] This proceeding involved Mrs. Elbert's income tax for the taxable year 1936. From the Board's opinion it appears that three days after her transfer of $300,000 to the trustees, they returned $298,000 to her as a "loan," as had been intended from the outset. She claimed a deduction for interest paid the trustees on such loan during 1936. The Board disallowed it on the ground that the purported gift in trust was a sham tax-wise, a device by which she was in effect claiming a deduction for interest on money "loaned" to herself.

[2] See S.Rep.No.52, 69th Cong., 1st Sess., pp. 25, 26 with respect to section 284(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 220, which is practically identical with section 322 (c) of the Internal Revenue Code.

of the first alternative precludes resort to the second. It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question. Moir v. United States, 1 Cir., 149 F. 2d 455, 460; Brooks v. Driscoll, 3 Cir., 114 F.2d 426, 429. Hence it is immaterial that the issue sought to be litigated in the District Court was not presented to the Tax Court,[3] or could not have been presented because based on subsequent events.[4] As this court recognized in Merrill v. United States, 2 Cir., 152 F.2d 74, at page 75, section 322 (c) is not based on doctrines of res judicata but is in effect a statute of limitations. There is no provision that the statute shall be tolled, if the Tax Court lacks jurisdiction to determine all the issues presented to it. To read in such a provision by construction would, we think, amount to non-permissible judicial legislation.

■ It cannot be denied that the Tax Court did have jurisdiction to redetermine the plaintiffs' income tax liability for the taxable year 1938; and it exercised that jurisdiction. Its decision determined finally, unless reversed upon appeal, the amount of the plaintiffs' 1938 income tax. They seek to relitigate that issue because the Tax Court lacked power to allow as a credit against the 1938 income tax, by way of recoupment, the gift tax paid in 1936. But lack of power to allow such credit did not defeat the Tax Court's jurisdiction to redetermine the 1938 income tax liability. For reasons already stated we hold that section 322(c) ousts the district court of jurisdiction to grant recovery of any part of the 1938 tax paid to the defendant, which was the action pleaded.

■ It is suggested that the court has jurisdiction over an action to recover the 1936 gift tax as distinguished from the action pleaded. If considered as an action to recover the gift tax, still jurisdiction of the district court does not appear. There is no allegation that the gift tax was paid to the defendant. The only allegation as to the defendant is that he was on March 17, 1944 and still is, collector of internal revenue for the third district of the state of New York. To whom or where the gift tax was paid is not stated.

Judgment affirmed.

L. HAND, Circuit Judge (concurring in the result).

The Board of Tax Appeals was without jurisdiction to allow the payment of the gift tax in 1936 as a credit against the deficiency assessed in 1938;[1] but the plaintiffs' unsuccessful attempt did not prejudice any other remedy which they had; one never loses one's actual remedies by resorting to one which in fact does not exist.[2] Having failed to secure the credit they asked, they paid the tax assessed upon their 1938 income without deduction; and then in season filed with the Commissioner a claim preparatory to the action at bar, demanding a refund of part of the tax so paid in 1938; and later they began, also in season, the action at bar for the same relief. I think that the district court had jurisdiction over that action, although the complaint was subject to dismissal. It claimed as a refund a payment of the gift tax in 1938, and that was

[3] Bankers' Reserve Life Co. v. United States, 44 F.2d 1000, 71 Ct.Cl. 279, certiorari denied 238 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448; Worm v. Harrison, 7 Cir., 98 F.2d 977.

[4] Moir v. United States, 1 Cir., 149 F. 2d 455; Merrill v. United States, 2 Cir., 152 F.2d 74.

[1] Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139.

[2] Bierce v. Hutchins, 205 U.S. 340, 346, 27 S.Ct. 524, 51 L.Ed. 828; Southern Pacific Company v. Bogert, 250 U.S. 483, 490, 39 S.Ct. 533, 63 L.Ed. 1099; Barnsdall v. Waltemeyer, 8 Cir., 142 F. 415, 420; Harrill v. Davis, 8 Cir., 168 F. 187, 195, 22 L.R.A.,N.S., 1153; Brown v. Fletcher, 6 Cir., 182 F. 963, 971–973; Rankin v. Tygard, 8 Cir., 198 F. 795, 806; Doyle v. Hamilton Fish Corp., 2 Cir., 234 F. 47, 51; Jadwin v. Hoyt, 7 Cir., 1 F.2d 784, 786; Henderson Tire & Rubber Co. v. Gregory, 8 Cir., 16 F.2d 589, 593, 49 A.L.R. 1503; National Surety Co. v. Jenkins, 8 Cir., 18 F.2d 707, 710; Buchhalter v. Rude, 10 Cir., 54 F.2d 834, 837; Midland Savings & Loan Co. v. Tradesmen's National Bank, 10 Cir., 57 F.2d 686, 693.

untrue; the complaint itself showed that it had been paid in 1936, and had merely been set up as a credit in 1938. Besides being untrue, the complaint, as it read, was outside the jurisdiction of the district court, because it purported to ask for the refund of a payment made in the year for which the taxpayers had sought to review their deficiency, which § 322(c) forbad.

Nevertheless I think that the court had jurisdiction over the action, as distinguished from the pleading. In spite of the plaintiffs' mistaken legal theory, all the facts appeared which would have entitled them to a recovery of the gift tax; and under the freedom of amendment now available it does not seem to me that we should refuse them any relief open under the facts. If the action be understood to be for a refund of the gift tax paid in 1936, § 322(c) has no application; for it affects only claims for credit or refund arising in the same year as the deficiency under review, and it does not conclude a taxpayer from suing for a refund arising in an earlier year, which the Board has no jurisdiction to consider. This must be so, else no taxpayer could seek to review a deficiency assessment in any year without forfeiting the right to recover any refunds he might have for all past years.

However, the action, so understood, was barred by the statute of limitations, and the complaint was bad for this reason, unless Bull v. United States, supra,[3] applied to the situation. That decision, as I understand it, permits a taxpayer without penalty to assert his version of a transaction, until it is finally decided against him. That is to say, if the transaction is susceptible of two interpretations, and the taxpayer has paid a tax which was required by the interpretation he puts upon it, he does not forfeit his right to a refund of that tax, because the statute of limitation has run against him before the courts have finally decided that his interpretation was wrong; the statute is tolled. I am not clear whether the plaintiffs' action—amended as I would allow it to be amended—would be within the last decision of the Supreme Court;[4] that is to say whether there were here two separate "transactions"; but I shall give the plaintiffs the benefit of the doubt, because even if there was only a single "transaction," I think that they are not in a position to invoke Bull v. United States, supra.[5]

That decision granted a favor to enable a taxpayer honestly to contest deficiency assessments without forfeiting rights which would be his if he was wrong; but these plaintiffs were not engaged in an honest contest of their deficiency assessment. The Board decided, and upon this appeal it cannot be disputed, that they never made a gift at all; but that they executed false documents, purporting to create rights which the parties had privately agreed should not arise. These were intended as a screen, deliberately set up to bemuse the Treasury and allow the plaintiffs to escape taxes to which they should become liable. I would not toll the statute in favor of taxpayers engaged in such an effort; it is one thing so to arrange one's affairs as to reduce taxes as far as possible; everybody does that, and everybody is entitled to do so; but it is, toto coelo, a different thing to prepare a set of papers which as little represent what the parties have agreed upon as though they had been executed in jest. For these reasons I concur, except that I would modify the judgment so as to dismiss the complaint upon the merits, and not for defect of jurisdiction.

3 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.
4 Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271.
5 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.