OPINION. HaReon, Judge: There is no dispute between the parties about the facts. The underlying dispute revolves around the application of section 710 (c) of the Code to petitioner’s excess profits tax years back to 1941. The pivotal year which determines the application of section 710 (c) of the Code is the calendar year 1942, as the facts show. Subsection (3) of section 710 (c) provides that if a taxpayer has an unused excess profits credit for “any taxable year beginning after-December 31, 1941,” such unused excess profits credit “shall be an unused excess profits credit carry-back for each of the two preceding taxable years,” excepting that a year beginning before January 1,1941,. is not included. The petitioner concedes that the respondent, in his-review of its excess profits tax return for 1945, has applied properly to the years 1941,1942,1943, and 1944 the statutory provisions set forth, in section 710 (c), as the petitioner must do because the procedures set forth for the computation, and carry-back, and carry-over of the unused excess profits credit adjustments are mandatory. Also, the petitioner,, at least in effect, concedes that it erred in its treatment of unused excess profits credit adjustments during the period 1942 through 1945, i. e.,. in carrying unused credit adjustments forward. The pleadings in this-proceeding do not present any issue involving either the construction or the application of section 710 (c), or the correctness of the respondent’s regulations with respect thereto, Regulations 112, section 85.710-3 (b), which provides, in part, that “The unused excess profits credit for any taxable year beginning after December 31, 1939, to the extent that it is not used as a carry-bach, is carried forward to the two succeeding taxable years and forms part of the unused excess profits credit adjustment for such of those succeeding taxable years as begin after December 31, 1940.” (Emphasis added.) The petitioner has not made it clear whether it contends that the respondent should be held to approve a carry-over to 1945 from 1944 of an unused credit adjustment as a matter of consistency, solely because an agent of the respondent did not question a carry-over to 1944 of an unused credit adjustment from 1943, when the agent made his review of the excess profits tax return for 1944. The agent said in his repoi’t, inter alia, that the “excess profits credit” for 1944 was substantially correct as reported. For one thing, the statement of the agent in his report may be an ambiguous one because there is nothing in the report to show that the agent was referring to the “unused excess profits adjustment” carry-over on the return from 1943 to 1944, rather than the amount of “excess profits credit” based on income, which we think is the item to which the agent made reference. At any rate, if the petitioner made such contention, it could not be sustained. The respondent is bound to apply section 710 (c) properly in making his determination of the amount of the excess profits tax for 1945 in accordance with the statute, and if his agents erred in failing to find error in the petitioner’s treatment of the unused excess profits credit adjustments in the excess profits tax returns for 1944 and 1943, tlie respondent cannot perpetuate errors of either the taxpayer or his agents in determining the amount of the 1945 excess profits tax liability of the petitioner. See Mt. Vernon Trust Co. v. Commissioner, 75 Fed. (2d) 938, certiorari denied, 296 U. S. 587, and Commissioner v. Rowan Drilling Co., 130 Fed. (2d) 62, 65, where the court said: an unlawful course of procedure, however prolonged, is not made lawful by acquiescence of the Commissioner. It was held in Mt. Vernon Trust Co., supra, that an error in a return for a year prior to the taxable year cannot be offset by excluding from the taxable year’s income “income properly returnable in that year.” The respondent has acted properly in disallowing a carry-over from 1944 to 1945 of an unused excess profits credit adjustment in the amount of $18,232.78. We are unable to find in the record before us any ground for applying the doctrine of equitable estoppel against the respondent from which it would follow that the respondent erred in denying carry-over from 1944 of a credit adjustment of $18,232.78. For example, the respondent has never made a determination that the petitioner must carry forward from any year beginning after December 31, 1941, to any later year any unused excess profits credit adjustment. The petitioner cannot say that a determination of the respondent lulled it into the belief that it should pursue any unlawful or improper course under section 710 (c). The record before us shows that prior to the audit of Form 1121 for 1945 respondent’s agents did not make anydetermination relating to excess profits credit adjustments, as to either the carry-back or carry-over thereof. The petitioner is not entirely without fault in the matter of the apparent oversight of respondent’s agents in reviewing Forms 1121 which were filed for 1942, 1943, and 1944 because it failed to attach to Forms 1121 the schedule called for on line 5 thereof. But, if the respondent’s agents acquiesced in petitioner’s erroneous carry-overs to succeeding years of credit adjustments without first making a carry-back as section 710 (c) requires, their erroneous acquiescence in errors of the petitioner does not provide estoppel of the respondent from making a correct determination in the matter under section 710 (c) for 1945. See Bryan v. United States, 99 Fed. (2d) 549, certiorari denied, 305 U. S. 661, and Mertens, Law of Federal Income Taxation, Vol. 10-A, par. 60.14, pp. 193-197. The petitioner’s contention that the respondent is barred by estoppel from disallowing the carry-over from 1944 to 1945 of an excess profits credit adjustment of $18,232.78 is denied. It follows that the respondent’s determination that there is a deficiency in excess profits tax for the year 1945 in the amount of $16,365.52 is correct. The petitioner contends that in the event that this Court sustains the determination of the respondent that there is no unused excess profits credit adjustment to carry over to 1945. to apply in the computation of its excess profits tax for 1945, then it is entitled to obtain refund of overpayment of excess profits tax for 1941, or other relief under section 3801 of the Internal Revenue Code. In general, the relief which is envisioned by section 3801 is mitigation of the effect of limitations provisions, but before a taxpayer can pursue the relief afforded by section 3801, there must be a “determination” as is defined by subsection (a) (1). The bringing of this proceeding to this Court and a decision by this Court which becomes final is a first step in petitioner’s obtaining relief from the respondent under section 3801. The definition of “determination” includes a decision by this Court which ha.s become final. Under the holding made above, decision will be entered for the respondent. Thereafter, the petitioner may take further steps as are set forth in section 3801. This Court has no power to order a refund of tax or a credit of any overpayment of tax for an earlier year against the 1945 tax. In this proceeding we can do no more than decide whether or not respondent has correctly determined that there is a deficiency in tax for 1945. Our considerations cannot reach section 3801. See Anton Dolenz, 41 B. T. A. 1091, 1101, where section 820 of the Revenue Act of 1938 was considered, from which section 3801 of the Code is derived. The petitioner contends further that under the doctrine of equitable recoupment it is entitled to offset the amount of the overpayment of the 1941 excess profits tax against the deficiency in the 1945 excess profits tax. This Court lacks the power to apply the doctrine of equitable recoupment. Commissioner v. Gooch Milling & Elevator Co., 320 U. S. 418, and Robert G. Elbert, 2 T. C. 892. Decision will be entered, for the respondent.