FRANK M. DUNBAUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunbaugh v. Commissioner
Docket No. 21864-82.
United States Tax Court
T.C. Memo 1984-351; 1984 Tax Ct. Memo LEXIS 320; 48 T.C.M. (CCH) 485; T.C.M. (RIA) 84351; July 11, 1984. *320 Petitioner, a cash basis, calendar year taxpayer, is the sole income beneficiary of a trust administered on a fiscal year basis, with fiscal year ending the last day of February. Held, petitioner is required to include in income for his tax year 1979 the income of the trust for the trust's year ended February 28, 1979. Frank M. Dunbaugh, pro se. Agnes Gormley, for the respondent. *322 STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated May 28, 1982, respondent determined a deficiency of $701 in petitioner's 1979 Federal income tax. The $701 deficiency represents the tax on an alleged increased income of $1,553.86. The issue for our determination is whether petitioner, a trust beneficiary, was required to report $8,636.37 collected by the trust for the trust's taxable year ended February 28, 1979 in his gross income for his taxable year 1979. The facts in this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner Frank M. Dunbaugh resided at 744 North Holly Drive, Annapolis, Maryland at the time he filed the petition herein. He filed his Federal income tax return for 1979 with the Internal Revenue Service Center, Philadelphia, Pennsylvania on June 16, 1980. Upon the death of petitioner's father on March 24, 1976, petitioner became a cotrustee and sole beneficiary of Trust C (hereinafter the trust) created by petitioner's father pursuant to Article *323 II(c) of a trust agreement dated April 6, 1967 and modified on July 29, 1969.The terms of the trust agreement provide for the payment of the income of the trust to petitioner "at least quarterly or at such shorter intervals as he may request." On February 26, 1977, pursuant to the authority granted petitioner under Article II(c) of the trust agreement, petitioner designated the Union First National Bank of Washington (now know as the First American Bank, N.A. and hereinafter referred to as the bank) to act as the corporate trustee of the trust. During 1978 and 1979 the trust was administered on a fiscal year basis, with the fiscal year ending on the last day of February. Petitioner is a cash basis, calendar year taxpayer. For the fiscal year ended February 28, 1979 the bank reported taxable income of $8,636.37. On his 1979 tax return petitioner reported income from the trust of $7,082.51. In his notice of deficiency, respondent determined that petitioner should have reported income from the trust of $8,636 and, accordingly, increased petitioner's income by $1,554, resulting in a deficiency of $701. In his petition to this Court, petitioner, who did not file a brief in this *324 case, stated: What happened is that I have consistently reported the trust income one year early since the trust was created in 1977. This error occurred because the fiduciary reported on a fiscal year basis (ending 2/28) while I reported on a calendar year basis (ending the previous 12/31). The amounts of trust income reported on my tax returns have been: Tax
Income from
year
trust
1977
$6,469.03
1978
$8,636.37
1979
$7,082.51
1980
$8,613.52
If each of these amounts were reported one year later, as they apparently should have been, I would be entitled to a refund of nearly $2000. Such a refund, with interest, should be allowed under the mitigation provisions of Sections 1311-1315. Section 652(a), I.R.C. 1954, provides in part as follows: [T]he amount of income for the taxable year required to be distributed currently by a trust described in section 651 [1] shall be included in the gross income of the beneficiaries to whom the income is required to be distributed, whether distributed or not. Section 652(c) provides as follows: If the taxable year of a beneficiary is different from that of the trust, the amount which the beneficiary is required *325 to include in gross income in accordance with the provisions of this section shall be based upon the amount of income of the trust for any taxable year or years of the trust ending within or with his taxable year. The trust, of which petitioner is the beneficiary, is required to distribute all of its income currently to petitioner. Therefore, under section 652(a), petitioner is required to include that income in his gross income. Petitioner reported $7,082.51 as trust income on his 1979 Federal income tax return. *326 However, the trust, for its fiscal year ended February 28, 1979, reported $8,636.37 of income collected for petitioner's benefit. Since the trust's fiscal year ended February 28, 1979 is within petitioner's 1979 tax year, section 652(c) requires petitioner to include $8,636.37 in income for his 1979 tax year. [2] Accordingly, respondent properly increased petitioner's income for 1979 by the difference between the trust income collected by the trust for its fiscal year ended February 28, 1979 and the amount of trust income reported on petitioner's 1979 income tax return. *327 Petitioner's claim for relief under the mitigation provisions, sections 1311 through 1314, while it may prove meritorious in the future, is premature at best. In order to obtain relief under those complicated provisions, a number of prerequisites must be satisfied. For example, before a taxpayer may pursue relief under section 1311(a), there must be a "determination" as defined in section 1313(a). The definition of "determination" includes a decision by this Court which has become final. The bringing of this proceeding to this Court and a decision by this Court which becomes final will supply one of the necessary prerequisites to the relief sought by petitioner. Decision herein will be entered for respondent.Petitioner may thereafter seek any relief to which he may be entitled under the mitigation provisions. This Court has no power to determine an overpayment of tax or a credit of any overpayment of tax for a prior year against the tax due in 1979. In this case we can do no more than decide whether or not respondent had correctly determined that a deficiency in tax exists for 1979. Our consideration cannot reach the applicability of the mitigation provisions. Cf. Wiener Machinery Co. v. Commissioner,16 T.C. 48, 54 (1951).
*328 Decision will be entered for the respondent.
Footnotes
1. A trust described in sec. 651 (commonly referred to as a "simple trust") is a trust, all of the income of which is required to be distributed currently, which has no provision for the payment of income to, or its accumulation for, charitable beneficiaries and which, in the taxable year in question, makes no distribution to its beneficiaries other than current income. In the instant case, all of the income of the trust is required to be distributed currently to petitioner, the trust makes no provision for charitable beneficiaries, and the record reveals no distributions to petitioner other than current income. Accordingly, the trust is a trust described in sec. 651.↩
2. Secs. 652(a) and 652(b) essentially place two limitations on the amount of income included in a beneficiary's gross income. Specifically, sec. 652(a) provides that the amount included shall not exceed the distributable net income of the trust. Sec. 652(b)↩ provides that items of trust income distributed to a beneficiary shall retain their character in the hands of a beneficiary. Thus, for example, if the trust distributes tax-exempt income, it is regarded as tax-exempt income in the beneficiary's hands. Nothing in the record indicates that the foregoing limitations apply to reduce the amount of trust income includable in petitioner's gross income in 1979.